**AMERICAN FAMILY MUTUAL INSURANCE COMPANY,**
**Plaintiff,**

v.

**Dennis Gary LAWSON, et al.,**
**Defendants.**

**No. 85–1364C(6).**

United States District Court,
E.D. Missouri, E.D.

June 6, 1986.

Stephen D. Hoyne, Amelung, Wulff & Willenbrock, St. Louis, Mo., for plaintiff.

James Hullverson, Jr., Hullverson, Hullverson & Frank, Inc., St. Louis, Mo., Robert H. Rice, Belleville, Ill., Lawrence O. Willbrand, St. Louis, Mo., for defendants.

## MEMORANDUM OPINION

GUNN, District Judge.

Plaintiff, American Family Mutual Insurance Co. (American), instituted these declaratory judgment proceedings pursuant to 28 U.S.C. § 2201. At issue is American's liability under a policy of automobile insurance it issued on a motor vehicle owned by defendant Robert Lawson, Jr. and driven on the night of an accident by his son, defendant Dennis Lawson. This Court has jurisdiction under 28 U.S.C. § 1332 by reason of diversity of citizenship of the parties.

This Court finds that there is no policy coverage for the accident giving rise to this case.

Robert Lawson, Jr. and his wife were the owners of a 1979 Ford pickup truck. American had issued a policy of insurance for the truck containing certain restrictions which will be referred to later.

In the early morning hours of August 19, 1984, the Lawsons' son, defendant Dennis Lawson, had an accident while driving the truck. As he was driving the truck across the Poplar Street Bridge, connecting East St. Louis, Illinois and St. Louis, Missouri, Dennis struck a pedestrian on the bridge, inflicting mortal injury.

The victim's parents, Mr. and Mrs. Ellis Council, have filed a wrongful death action

in the Circuit Court of the City of St. Louis. Named as party defendants, among others, are Robert Lawson, Jr. and Dennis Lawson. The state court action is pending.

The insurance policy purchased from American by Robert Lawson provided coverage in the event of accident by the driver of the pickup truck. The policy contained a number of restrictions which excluded certain individuals from coverage.

As pertaining to relatives of the owner of the vehicle, the policy provides:

"Relative" means a person living in *your* household, related to *you* by blood, marriage or adoption. This includes a ward or foster child. It excludes any person who, or whose spouse, owns a *car*. (Original emphasis)

Dennis Lawson, the Lawsons' son who was driving the truck on the night of the accident, did not live with the Lawsons, and he owned a car. Thus, insofar as the policy would provide any coverage for relatives operating the vehicle, Dennis Lawson was excluded. He was not a relative within the policy's meaning, as he did not live with the Lawsons and he owned a car.

The policy also contained the following restrictive conditions:

... the following are not *insured persons:*

1. Any person other than a *relative*, using *your insured car* without *your* permission.

2. Any person using a vehicle without the permission of the person having lawful possession.

3. Any person using a vehicle with the permission of the person having lawful possession, but who exceeds the scope of that permission. (Original emphasis)

From this, the following two questions debouch: (1) Did Dennis Lawson use the truck with the appropriate permission? (2) If he possessed the proper permission, did he exceed its scope?

If Dennis Lawson had not been granted permission to drive the truck by either of his parents, the policy would not provide any insurance coverage. On the date of the accident Robert Lawson was in the hospital; thus, he was unable to grant or deny the requisite consent. The only credible evidence of permission was Mrs. Lawson's testimony. She had allowed Dennis to use the truck to commute to and from work and for an occasional errand to be performed for her. The limitations on use were specific and well known to Dennis. He was specifically prohibited from using it to "go out drinking." Mrs. Lawson had the power to grant or deny permission based on the definitions section of the policy. Mrs. Lawson gave extremely limited permission and clearly defined Dennis' limitations on use of the vehicle—to drive to and from work and for narrowly circumscribed errands.

Did Dennis exceed the scope of the narrow use granted him? As this case is under diversity jurisdiction, Missouri law is applied to all substantive issues. *Erie R.R. v. Tompkin*, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938).

The trend among Missouri courts in similar causes of action has been to apply the "minor deviation" rule when deciding whether the permittee (Dennis Lawson in this case) has exceeded the scope of the permission granted. *Auto-owners Ins. Co. v. McGaugh*, 617 S.W.2d 436, 442 (Mo.Ct. App.1981). Under the "minor deviation" rule, policy protection will fail only if the permittee grossly deviates from the scope of permission. *Truck Ins. Exch. v. Hunt*, 590 S.W.2d 425, 429 (Mo.Ct.App.1979). "The fact of whether the use is or is not within the permission of the insured must be a reasonable inference from the evidence." *Universal Underwriters Ins. Co. v. Davis*, 697 S.W.2d 189, 194 (Mo.Ct.App. 1985). In *Universal Underwriters* coverage was denied when a car provided to a father only for business purposes was driven by the son to a social function. It was held that the son had gone beyond the scope of permission granted to the father, with the ultimate consequence that there was no insurance coverage. *Id.* at 194.

What were Dennis' actions on the night of the accident that lead to the conclusion that his use of the truck was without proper sanctions? He drove the truck to work, which was all right. From there his use of the truck can only be described as an extreme deviation from any permissive utilization of the truck. The day's work complete, Dennis and a friend began an all night's revelry, first at Teddy's Bear's Lounge in St. Louis, then to Pop's Saloon in Sauget, Illinois until 4:30 or 5:00 the next day, August 19. It was then that he struck the victim while driving the truck back to St. Louis.

 In this case Dennis Lawson went far beyond the bounds of permission granted by Mrs. Lawson. His use of the truck in the late evening and early morning hours cannot be reasonably characterized as a minor deviation from commuting to and from work. The credible testimony of Mrs. Lawson was that Dennis knew that he could not use the truck to go drinking. He, therefore, was driving without permission of the insured and was not covered by the insurance policy.

Defendants' argument that Dennis had implied possession of the truck because of his prior usage is unavailing. Defendants read Missouri law as adopting the "initial permission" rule, which provides coverage once permission has been granted regardless of limitations or subsequent use. *Auto-owners Ins. Co. v. McGaugh*, 617 S.W.2d at 442. This rule has been rejected by the Missouri Supreme Court, which states that coverage should be determined within the terms of the omnibus clause "as it is written in the policy before us." *United States Fidelity & G. Co. v. Safeco Ins. Co. of Am.*, 522 S.W.2d 809, 812 (Mo. banc 1975).

Defendants suggest that *Royal Indem. Ins. Co. v. Shull*, 665 S.W.2d 345 (Mo. banc 1984) applies in this situation. *Shull*, a case in which coverage was held to exist, involved the use of a rental car by someone other than the lessee with the lessee's permission. But the facts of *Shull* are readily distinguishable. *Shull* rested on an ambig-

uous policy provision. That situation does not exist here. The policy terms regarding exclusion are precise. Further, in *Shull* the insured and the lessee were the same person, and the driver was operating the car with the express permission of the insured. That is not so here.

Dennis Lawson was clearly driving outside the scope of any permission. Under the terms of the policy he had no permission. Thus, there was no coverage for him on the night and morning of his deadly lark. The Court cannot extend coverage beyond the express and unambiguous language of the policy.

Judgment is for the plaintiffs. The Court holds that Dennis Lawson was not covered by the omnibus clause of the insurance policy held by Robert Lawson, Jr. at the time of the accident on August 19, 1984. American is not obligated to defend Dennis Lawson in any lawsuit arising out of that accident.